# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WESLEY S. BATTEY, JR., | Case No. 2:13-cv-00537-MMD-CWH |
| Plaintiff, | **ORDER** |
| vs. | |
| STATE OF NEVADA, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Second Motion/Application to Proceed *In Forma Pauperis* (#3), filed on April 5, 2013. The Court previously denied without prejudice Plaintiff's First Motion/Application for failure to file a completed application with information about his expenses. He was given thirty (30) days to file a new application. The Court will now screen his Second Motion/Application.

**I.**  *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Plaintiff is currently incarcerated and the Financial Certificate submitted along with his Application indicates that his inmate account has a current monthly balance of $0.22, an average monthly balance of $0.22, and an average monthly deposit of $100. *See* Application #3, 4. Based on the financial information provided, the Court finds that Plaintiff is unable to pay an initial partial filing fee. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a). However, even if this action is dismissed, the full filing fee of $350.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995. Plaintiff shall be required to make payments of 20% of the preceding month's deposits to the prisoner's account, in months that the account exceeds $10.00, until the full filing fee has been paid for this action. The Court will now review Plaintiff's Complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

**A.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts damages of $7,000,000.00 in his complaint. However, the diversity jurisdiction statute requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff and the Defendants appear to be Nevada citizens so there is no diversity jurisdiction in this case.

**B.     Federal Question Jurisdiction**

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 based on false arrest and imprisonment in violation of the Thirteenth and Fourteenth Amendments to the United States Constitution. However, because the Court finds that Plaintiff failed to properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not exist at this time.

**C.    42 U.S.C. § 1983 Claim**

Upon review of the Complaint, it appears as though Plaintiff is alleging false arrest and false imprisonment against the Las Vegas Metropolitan Police Department ("LVMPD") and malicious prosecution by the District Attorney for the State of Nevada in violation of 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *See, e.g., Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir.1986); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

First, Plaintiff alleges that he was falsely arrested by the LVMPD for a home invasion charge on

3

May 15, 2012.  "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001).  "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004) (*quoting United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001)) (internal quotation marks omitted).  "It is well-settled that 'the determination of probable cause is based upon the totality of the circumstances known to the officers at the time of the search.'" *Id.* (*quoting Bishop*, 264 F.3d at 924).  Plaintiff alleges that he was falsely arrested because he was found not guilty after trial.  The Court finds that Plaintiff has not provided sufficient facts to determine that the officers lacked probable cause for the arrest.

Second, Plaintiff alleges that he was racially profiled by the LVMPD, which would be a violation of the Fourteenth Amendment.  In a Section 1983 action related to racial profiling, the Ninth Circuit has held that in examining "whether an officer is entitled to qualified immunity, we must determine whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Anderson v. Bott*, 127 F. App'x 266, 267 (9th Cir. 2005) (*citing Brosseau v. Haugen*, 543 U.S. 194 (2004) (*quoting Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).  Here, Plaintiff does not specify the names of the police officers who performed the arrest nor include facts specific enough to determine how the LVMPD or any of its officers committed racial profiling.  Additionally, a governmental agency and state officials when sued in their official capacity for damages are not persons for purposes of Section 1983.  *See Hafer v. Melo*, 502 U.S. 21 (1991).  Therefore, Plaintiff has not alleged sufficient facts to support a false arrest claim under Section 1983 nor determine that the immunity defense would not apply.

Third, it appears as though Plaintiff is alleging a malicious prosecution claim against the Nevada District Attorney.  Generally, a malicious prosecution claim is not cognizable under Section 1983 if process is available in the state judicial system to provide a remedy.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987).  "[A]n exception exists . . . when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a

1 person to a denial of constitutional rights." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en
2 banc). To proceed on a malicious prosecution claim under section 1983, then, a plaintiff must show he
3 was prosecuted "with malice and without probable cause," and "for the purpose of denying [him] equal
4 protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189
5 (9th Cir. 1995). Here, Plaintiff failed to provide specific facts to demonstrate that his constitutional
6 rights were violated. Furthermore, had Plaintiff made such a showing, he failed to demonstrate the
7 damage that resulted. A malicious prosecution claim under section 1983 is based on state law elements.
8 *Usher*, 828 F.2d at 562. Under Nevada law, the elements of a malicious prosecution claim are: "(1)
9 want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior
10 criminal proceedings; and (4) damage." *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev.2002). In
11 conclusion, absent sufficient factual allegations to correct the above-noted subject-matter jurisdiction
12 deficiencies, Plaintiff's claims cannot survive. As Plaintiff is proceeding *pro se*, the Court will provide
13 Plaintiff with thirty days to amend the complaint.

14     If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that
15 the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local
16 Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior
17 pleading. This is because, as a general rule, an amended complaint supersedes the original complaint.
18 *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once a plaintiff files an amended complaint, the
19 original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in
20 an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.
21 In fact, Plaintiff is reminded that he should specifically identify each defendant to the best of his ability,
22 clarify what constitutional right he believes each defendant has violated, and support each claim with
23 factual allegations about each defendant's actions or failure to act. There can be no liability under
24 Section 1983 unless there is some affirmative link or connection between a defendant's actions or
25 inaction and the claimed deprivation. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*,
26 633 F.2d 164, 167 (9th Cir.1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). A plaintiff's
27 claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v.*
28 *Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also* Fed. R. Civ. P. 8.

1     Based on the foregoing and good cause appearing therefore,

2     **IT IS HEREBY ORDERED** that Plaintiff's Second Motion/Application to Proceed *In Forma Pauperis* (#3) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00). However, even if this action is dismissed, the full filing fee of $350.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

6     **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to its conclusion without the necessity of prepaying any additional fees or costs or giving security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

10    **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, twenty percent of the preceding month's deposits to Plaintiff's account (inmate #24292), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. If Plaintiff should be transferred and come under the care of the Nevada Department of Prisons, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

21    **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

22    **IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30) days** from the date that this Order is entered to file an Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order may result in the Court recommending that this action be dismissed.

1  Dated this 17th day of April, 2013.

_____
**C.W. HOFFMAN, JR.**
**UNITED STATES MAGISTRATE JUDGE**